**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

VERONICA DRENNEN, et al.,

        Plaintiffs,

v.                                 CIVIL ACTION NO.  5:06-cv-00390

UNITED STATES OF AMERICA,

        Defendant.

**MEMORANDUM OPINION**

Plaintiffs Veronica and Bobby Drennen bring this medical malpractice action against the United States pursuant to the Federal Torts Claim Act ("FTCA"), 28 U.S.C. § 1346(b).  Jurisdiction is present pursuant to 21 U.S.C. § 1331 and 28 U.S.C. § 1346.

Before the Court is the United States' Motion to Dismiss Mr. Drennen's derivative loss of consortium claim because plaintiffs allegedly failed to exhaust their administrative remedies with respect to that claim [Docket No. 8].   Exhaustion of appropriate administrative remedies is a jurisdictional prerequisite to FTCA claims.  28 U.S.C. § 2675(a); Plyer v. United States, 900 F.2d 41, 42 (4th Cir. 1990).

**I.  FACTS**

The facts are limited for the purpose of this motion.  The plaintiff, Veronica Drennen, alleges that Dr. Roy Wolfe Jr., an employee of Community Health Systems, a federally-funded healthcare provider in Beckley, West Virginia, breached the standard of care by failing to perform an anterior colporrhaphy following Mrs. Drennen's cystoscopy [Docket No. 19 Ex. 2].   On July 25, 2005, plaintiffs' retained counsel, Thomas F. Basile, filed a complaint with the United States Department

of Health & Human Services ("HHS") and attached a Standard Form 95, which set forth Mrs. Drennen's allegations and compensatory demand [Docket No. 19 Ex. 1 and 2]. On December 6, 2005, HHS denied Mrs. Drennen's claim for relief and informed plaintiffs that they could challenge the decision by filing a civil action in federal district court within six months [Docket No. 8 Ex. 4]. On May 22, 2006, plaintiffs filed this civil action pursuant to 28 U.S.C. § 1346(b).

## II.  STANDARD FOR MOTION TO DISMISS

In Adams v. Bain, the Fourth Circuit noted that it is appropriate to present a motion to dismiss for lack of subject matter jurisdiction when the movant asserts that the complaint's jurisdictional allegations are untrue. 697 F.3d 1213, 1214 (4th Cir. 1982). A Federal Rule of Civil Procedure 12(b)(1) motion challenging the factual basis for subject matter jurisdiction places the burden of proving jurisdiction on the plaintiff. Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). When reviewing such a motion, the court may venture beyond the complaint's allegations and "consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Id. at 768 (citation omitted). The court may consider evidence by affidavit, depositions, live testimony or declarations complying with 28 U.S.C. § 1746. Adams, 697 F.2d at 1219; 28 U.S.C. § 1746. Unlike the procedure in a Rule 12(b)(6) motion, in which the fact finder is presumed to retain the truth-finding role, a court considering a Rule 12(b)(1) motion may weigh the evidence to determine whether it has subject matter jurisdiction. Adams, 697 F.2d at 1219. A movant may prevail only if the material jurisdictional facts are undisputed and the movant is entitled to prevail as a matter of law. Richmond, 945 F.2d at 768 (citation omitted).

## III.  ANALYSIS

### A.  Exhaustion under the FTCA

The FTCA requires that a claim be "presented" to the appropriate agency within two years after the claim accrues.  The Act also requires that before an action may be commenced in court, the claimant must "present" his claim to the appropriate administrative agency for determination.  28 U.S.C. § 2675(a).  Regulations promulgated pursuant to the FTCA provide that a claim is presented "when a Federal agency receives from a claimant . . . an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death."  28 C.F.R. § 14.2(a).  This provision has been interpreted by the courts to indicate that the claimant meets his burden if the notice:  (1) is sufficient to enable the agency to investigate; and (2) places a "sum certain" value on her claim.  Ahmed v. United States, 30 F.3d 514, 516 (4th Cir. 1994).

The regulations also require that the claim be accompanied by the title or legal capacity of the person signing the form, and by evidence of such person's authority to present the claim on behalf of the claimant.  28 C.F.R. § 14.2(a).  Section 14.2(a) states that "a claimant, his duly authorized agent or legal representative" execute the Standard Form 95 ("SF 95") and that if the SF 95 is executed by someone other than the claimant, then the form be accompanied "by evidence of his authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian, or other representative."  Ahmed, 30 F.3d at 516.  In summary, in order to present a personal injury claim to the appropriate administrative agency, the claimant must present it to the agency in writing by means of an SF 95 or an equivalent, the writing must include a claim for money

damages in a sum certain, if the claimant is represented, the representative's authorization must be demonstrated, and these matters must be accomplished within two years of the incident.  Id.

### B.  Whether Plaintiffs' Loss of Consortium Claim was Exhausted

The United States asserts that this Court lacks subject matter jurisdiction to hear Mr. Drennen's derivative loss of consortium claim because that claim was not properly presented under § 2675(a).  Specifically, the United States argues that Mr. Basile presented Mr. Drennen's  loss of consortium claim in the SF 95 form without providing evidence that he was authorized to present that claim, as required by 28 C.F.R. § 14.2(a).

Plaintiffs respond that Mr. Basile's authority to present Mr. Drennen's loss of consortium claim to the HHR was contained in Mr. Basile's July 25, 2005 cover letter, which was filed with the SF 95 form. [Docket No. 19  Ex. 1].  The letter states, in pertinent part, "[p]lease find enclosed a completed claim form: 'Claim for Damage, Injury, or Death' that I understand is the first step required in pursuing this claim under the FTCA for Mrs. Drennen and the derivative claim for her husband, Bobby, for loss of consortium and loss of spousal services."  In addition, the SF 95 form includes a claim for Mr. Drennen's loss of consortium.  [Docket No. 19  Ex. 2].  This letter would put anyone with experience in, or knowledge of, such matters on notice that Mr. Basile was representing both Drennens as to their respective claims.

The United States relies on DuPont v. United States,  in support of its motion to dismiss Mr. Drennen's lack of consortium claim.  980 F. Supp. 192, 193 (S.D.W. Va.).  There, the court found that the husband's loss of consortium claim had not been presented for administrative consideration and was therefore barred for lack of subject matter jurisdiction.  Id.  In Dupont, however, the

4

plaintiff failed to even raise the loss of consortium claim in the SF 95 form.  In addition, the plaintiff failed to oppose the defendant's motion to dismiss.  <u>Id.</u> at 193.    That is not the case here.

The United States' argument is unpersuasive.  Although the July 25, 2005 letter does not expressly state that Mr. Basile is representing Mr. Drennen, the letter does state that he is representing Mrs. Drennen in connection with her malpractice claim and also pursuing Mr. Drennen's loss of consortium claim  [Docket No. 19  Ex. 2].  In addition, as plaintiffs point out, Congress' intent with respect to the presentment requirement was primarily to put the appropriate agency on notice of the legal claims pending against it and to facilitate settlement where appropriate:

> The Congress never defined the presentment requirement it imposed upon claimants as a precondition to filing suit, but a fair understanding of the jurisdictional requirement imposed may be had by examining the statutory scheme Congress adopted and its statement of purposes in amending the Act. As a threshold matter, it should be observed that, in revising the procedure for filing claims, Congress manifested no interest whatsoever in restricting claimants' rights under the Federal Tort Claims Act or in restricting their access to the courts.  To the contrary, Congress identified private litigants as the primary beneficiaries of the amendments.    The requirement of presentment it imposed on claimants was solely for the purpose of expediting settlement of claims in those instances where settlement was appropriate. The determination of whether settlement or suit was the appropriate course of action in a given instance was one Congress left in the claimants' hands. Section 2675(a) provides that when a claim is denied by an agency, the claimant may elect to sue; similarly, failure of an agency to make final disposition of a claim within six months of filing entitles the claimant any time thereafter to treat the claim as denied and file suit.

<u>See</u> <u>GAF Corp. v. United States</u>, 818 F.2d 901, 918-19 (D.C. Cir. 1987).

Here, plaintiffs adequately presented their malpractice claims to the HHR, including the loss of consortium claim, and provided adequate notice to the HHR that Mr. Basile was representing both Mrs. Drennen and her husband, and that he was the person to contact if the HHR wanted to discuss

settlement.  Thus, the purpose of the presentment requirement was satisfied by plaintiffs' SF 95

Form and Mr. Basile's cover letter.

### IV.  CONCLUSION

Accordingly, for the reasons stated herein, the United States Motion to Dismiss for Lack of

Subject Matter Jurisdiction [Docket No. 8] is **DENIED**.  The Court **DIRECTS** the Clerk to send

a copy of this Order to counsel of record and any unrepresented party.

ENTER:          March 27, 2007

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE

6