IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

VERONICA DRENNEN, et al.,

          Plaintiffs,

v.                                            CIVIL ACTION NO. 5:06-cv-00390

UNITED STATES OF AMERICA,

          Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant's Motion in Limine to Exclude the "Do No Harm" Testimony of Dr. Zaslau [Docket 67]. For the reasons stated below, Defendant's motion is **GRANTED**.

On August 23, 2007, Defendant filed its motion in limine to exclude any testimony by Dr. Zaslau regarding a "do no harm" standard of care.[*] In its brief, Defendant contends that allowing such testimony would amount to imposing strict liability on the United States, which is barred pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-80, under which the instant action was filed. *Laird v. Nelms*, 406 U.S. 797 (1972). Defendant also contends that allowing such

---

[*] Plaintiffs filed their Responsive Memorandum [Docket 69] on August 30, 2007, to which Defendant replied [Docket 72] on August 31. Plaintiffs then filed a Supplemental Response [Docket 75], in violation of Local Rule 7.1(c), on September 4, 2007. Based on the rule violation, Defendant moved to strike the supplemental response [Docket 83] on September 6, Plaintiffs responded [Docket 88] on September 9, and Defendant filed its Reply [Docket 96] on September 11.
    The Court **DENIES** Defendant's Motion to Strike [Docket 83] because there is no prejudice to the Government, as the motion in limine is granted herein. Plaintiffs' counsel is cautioned against future filings without leave of Court in violation of the local rules.

testimony would violate Federal Rule of Civil Procedure 37(c)(1), which governs the amendment of deposition testimony.

Plaintiffs respond that Dr. Zaslau's "do no harm" testimony is not "new evidence," rather, it is a "summary characterization of what it means when a physician *causes* an unintended harm and thereby falls below the standard of care for a specific procedure." (Docket 69 at 8.) In other words, it is another way to describe negligence. Thus, both *Laird* and Rule 37 are inapplicable because "do no harm" is neither new nor does it establish a national standard of care.

The Court agrees with Plaintiffs' contention that "do no harm" does not amount to a standard of care. *See McLaughlin v. Griffith*, 220 S.W.3d 319, 322 (Mo. Ct. App. 2007) ("Suggesting a standard of care solely in "do no harm" terms is not merely incorrect, but seriously misleading[.]"); *accord Gross v. Dep't of Health*, 819 So. 2d 997, 1007 (Fla. Dist. Ct. App. 2002) (Orfinger, J., concurring); *Lewis v. Toledo Hosp.*, No. L-03-1171, 2004 WL 1368205, *3 (Ohio Ct. App. June 18, 2004). Based on a review of Dr. Zaslau's deposition transcript and relevant pleadings, the Court also agrees with Plaintiffs that Rule 37 is inapplicable.

Because the "do no harm" testimony does not help Plaintiffs establish an applicable standard of care, it is irrelevant. Moreover, the Court did not consider Dr. Zaslau's "do no harm" testimony in its denial of Defendant's motion for summary judgment. (Docket 103 at 4-7.) His testimony regarding Dr. Wolfe's allegedly negligent stitching of Mrs. Drennen's ureter and subsequent failure to check for blockage were sufficient to defeat summary judgment and permit Plaintiffs to proceed to trial on both theories.

Even though it is not new evidence and would not impose strict liability on the government, any testimony by Dr. Zaslau regarding a physician's obligation to "do no harm" would still fail to

help establish any material fact in this case: it does not establish a standard of care nor is it probative on the issue of Dr. Wolfe's alleged negligence. Therefore, such testimony should be excluded pursuant to Rule 401 of the Federal Rules of Evidence because it is irrelevant.

Based on the foregoing, Defendant's Motion in Limine [Docket 67] is **GRANTED**, and Dr. Zaslau is hereby prohibited from testifying regarding a "do no harm" standard at trial. Defendant's Motion to Strike [Docket 83] is **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to all counsel of record and any unrepresented party.

    ENTER:    September 17, 2007

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE